■ JOHN WATTAWA, Appellant, v. FEDERICO STALLFORTH, Defendant, and WOODSTOCK-WEBSTER CORPORATION, Respondent.— Appeal by the plaintiff from a judgment dismissing the complaint after a trial before an Official Referee. Plaintiff obtained a judgment against the defendant Stallforth in the sum of $22,798.62, and filed a transcript thereof in the Ulster County Clerk's office. The defendant Stallforth held the title to certain real property in Ulster County. Defendant Stallforth executed a mortgage upon this property to a bank in the sum of $15,000, and the mortgage was recorded on July 28, 1947. The transcript of plaintiff's judgment was filed on January 14, 1950. On or about August 13, 1952 the bank brought an action to foreclose said mortgage, obtained a judgment of foreclosure and sale, and upon the sale of the property at public auction the bank bid the property in for the amount due on the mortgage, plus costs. The plaintiff was made a party defendant in the foreclosure action and appeared therein by an attorney. Subsequent to the conveyance by the Referee to the bank, the defendant corporation was formed and purchased the property from the bank. Gioja Webster and Anita Stallforth, daughters of the defendant Stallforth, are the sole stockholders and the only officers and directors of the defendant corporation. The complaint alleges, in substance, that the foreclosure action and the subse-

quent transfer of the property to the defendant corporation was pursuant to a "scheme"; that the defendant Stallforth (who defaulted in this action) deliberately defaulted in payments on the mortgage; that he caused the defendant corporation to be formed; provided the money or credit for the purchase of the property by the defendant corporation from the bank, and is, in reality, the true owner of the premises. The complaint seeks an adjudication that the plaintiff's judgment is still a valid lien against the real estate involved. We find no competent evidence in the record to establish the allegations of the complaint or to establish any cause of action against the defendant corporation. In fact, all of the evidence is to the contrary. There is substantial evidence that defendant Stallforth was in financial distress and without funds prior to and during the foreclosure action. There is evidence that the purchase price paid by the defendant corporation for the property was obtained by a new first mortgage to the United States Trust Company in the amount of $11,500, by a personal check of Anita Stallforth for $5,000, and the balance, including closing costs, was paid by three checks drawn upon the personal account of Anita Stallforth. And it appears that all payments to the United States Trust Company upon this mortgage were made by checks drawn on the joint account of Anita Stallforth and Gioja Webster. The mere fact that the corporation which eventually obtained title to the property is wholly owned by two daughters of Stallforth in and of itself does not establish any illegality in the transaction or establish any wrongdoing in connection therewith. A complaint without proof does not establish any cause of action, and the Official Referee correctly dismissed the complaint and made the judgment appealed from herein. Judgment unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.